## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JON R. ROGERS** | ) | |
| **12 Cara Place** | ) | |
| **Steubenville, Ohio 43953,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 18-cv-454** |
| | ) | |
| **EXECUTIVE OFFICE FOR** | ) | |
| **UNITED STATES ATTORNEYS** | ) | |
| **U.S. Department of Justice** | ) | |
| **950 Pennsylvania Avenue, N.W.** | ) | |
| **Washington, D.C. 20224,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.      This is an action to compel defendant to comply with the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552, as amended, the Privacy Act, 5 U.S.C. §552a, as
amended or, in the alternative, for breach of contract.  Plaintiff seeks injunctive and other
appropriate relief, to enjoin defendant from withholding from disclosure certain records within
its possession and control, and to require defendant release those records that were duly
requested by plaintiff, and agreed to be produced, and wrongfully withheld by defendant.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B),
5 U.S.C. § 552a(g)(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1346(a).

3.      Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C.
§552a(g)(5), and 28 U.S.C. §1391(e).

2

## Parties

4.     Plaintiff, Jon R. Rogers, is an adult citizen of the United States and the State of Ohio, residing at 12 Cara Place, Steubenville, Jefferson County, Ohio 43953.

5.     Defendant, the Executive Office for United States Attorneys ("EOUSA"), is an agency of the U.S. Department of Justice, which is a department of the Executive Branch of the United States Government, and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.  Defendant has possession, custody, and control of the records which it promised to produce to plaintiff, and which it wrongfully withheld from plaintiff.

## Statement of Facts

6.     During the 1990's and the early 2000's, plaintiff was the target of at least two separate federal criminal investigations involving the Internal Revenue Service, the U.S. Department of Justice, and perhaps other federal government agencies ("government").

7.     Neither of these investigations led to any indictment or criminal prosecution of plaintiff, or anyone else.

8.     During its second investigation of plaintiff, the government seized many of his assets, and it filed four civil forfeiture actions in 2003 and 2004.

9.     Those forfeiture actions eventually were dismissed, pursuant to a Stipulation and Settlement Agreement ( "Settlement Agreement"), approved by a federal district court in August of 2012.

10.     Under the terms of the Settlement Agreement, the government retained a small percentage of the money that it had seized from plaintiff's accounts, returning/releasing to him the rest of his seized assets.

3

11.     On November 29, 2012, plaintiff filed a FOIA and Privacy Act request with various government agencies, including the Internal Revenue Service ("IRS") and defendant, seeking documents related to the prior investigations into his activities.  **Exhibit 1**.

12.     In August of 2013, plaintiff brought suit against the IRS in the U.S. District Court for the Southern District of Ohio, Docket No. 13-cv-00797, seeking to enforce the provisions of the FOIA and the Privacy Act against the IRS, for its failure to respond to plaintiff's November 2012 request.

13.     In March of 2015, the U.S. District Court for the Southern District of Ohio ruled that the August 2012 Settlement Agreement between plaintiff and the United States barred plaintiff's claim against the IRS for its failure to comply with plaintiff's November 2012 request.  *See* Rogers v. IRS, 2015 U.S. Dist. LEXIS 24867 (2015).

14.     The district court ruled that "the IRS has no further obligations to respond to plaintiff's FOIA requests," dismissing plaintiff's suit against the IRS.

15.     Plaintiff appealed the district court's ruling to the U.S. Court of Appeals for the Sixth Circuit.

16.     The Sixth Circuit upheld the district court's decision, over a partial dissent, in May of 2016.  *See* Rogers v. IRS, 822 F.3d 854 (6th Cir. 2016), *cert denied,* 2016 U.S. LEXIS 5157 (Oct. 3, 2016).

17.     As stated in Paragraph 11 above, on November 29, 2012, simultaneously with his FOIA and Privacy Act request submitted to the IRS, plaintiff also submitted a FOIA and Privacy Act request ("plaintiff's records request") to defendant EOUSA by both First-Class

4

Mail and Certified Mail.  *See* **Exhibit 1**.  Plaintiff's records request sought production of 71 separately numbered categories of records.

18.    By letter to plaintiff dated January 7, 2013, defendant acknowledged receipt of plaintiff's records request, but stated that plaintiff's request included a request of records pertaining to third parties, and asked that plaintiff perfect his request by furnishing third-party authorizations.  *See* **Exhibit 2**.

19.    Plaintiff supplemented and perfected his records request in a letter to defendant dated January 13, 2013, which provided the requested third party authorizations.  *See* **Exhibit 3**.

20.    By letter dated April 29, 2013, defendant advised plaintiff that defendant had completed searching for responsive documents, had located approximately 2,500 pages of documents, and that plaintiff is "statutorily entitled to both two hours of search time without cost and 100 pages of duplication without cost."  *See* **Exhibit 4**.  Defendant advised plaintiff that the fee for search and duplication is $548.00 and that "you will be required to submit the remaining fee before documents *will be* released to you."  **Exhibit 4** (emphasis added). Defendant further advised plaintiff that, "Accordingly, an advance payment of $548.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request."  **Exhibit 4**.

21.    By letter dated May 2, 2013, counsel for plaintiff forwarded Check No. 2012 in the amount of $548.00, payable to the Treasury of the United States.  **Exhibits 5, 6**.  Counsel also forwarded a Selection Form, as instructed by defendant.  **Exhibit 5**.  By forwarding that check, plaintiff paid defendant's required fee in full and in advance.

5

22.     By letter dated June 6, 2013, plaintiff's counsel reminded defendant that plaintiff had paid $548.00 in full and in advance as instructed by defendant, and asked when plaintiff might expect receipt of responsive documents.  *See* **Exhibit 7**.  Defendant never responded to that letter.

23.     By letter to defendant dated July 22, 2013, plaintiff's counsel again asked defendant for a "status update," and inquired about the progress that defendant was making in complying with plaintiff's FOIA Request.  **Exhibit 8**.  In that letter, plaintiff's counsel reminded defendant that plaintiff had followed defendant's instructions, by paying $548.00 in full and in advance, and asked when plaintiff might expect receipt of the promised 2,500 pages of responsive documents.  Defendant never responded to that letter.

24.     By letter dated September 18, 2013, plaintiff's counsel again asked defendant for a "status update," and inquired about the progress that defendant was making in complying with plaintiff's FOIA Request.  **Exhibit 9**.  In that letter, plaintiff's counsel reminded defendant that plaintiff had followed defendant's instructions, by paying $548.00 in full and in advance, and asked when plaintiff might expect receipt of the promised 2,500 pages of responsive documents.  Defendant never responded to that letter.

25.     By letter dated March 18, 2014, plaintiff's counsel again asked for a "status update," and inquired about the progress that defendant was making in complying with plaintiff's FOIA Request.  **Exhibit 10**.  In that letter, plaintiff's counsel reminded defendant that plaintiff had followed defendant's instructions, by paying $548.00 in full and in advance, and asked when plaintiff might expect receipt of the promised 2,500 pages of responsive documents.  Defendant never responded to that letter.

26.     By letter dated May 18, 2014, plaintiff's counsel again asked defendant for a "status update," and inquired about the progress that defendant was making in complying with plaintiff's FOIA Request.  **Exhibit 11**.  In that letter, plaintiff's counsel reminded defendant that plaintiff had followed defendant's instructions, by paying $548.00 in full and in advance, and asked when plaintiff might expect receipt of the promised 2,500 pages of responsive documents.  Defendant never responded to that letter.

27.     By letter dated September 26, 2016 ("Denial Letter"), defendant denied plaintiff's request, claiming that plaintiff had waived all relevant FOIA and Privacy Act rights in the August 2012 Settlement Agreement.  *See* **Exhibit 12**.

28.     On October 11, 2016, plaintiff appealed the September 26, 2016 Denial Letter, to the Director of the Office of Information Policy ("OIP").  *See* **Exhibit 13**.  In plaintiff's administrative appeal, plaintiff established that defendant EOUSA had undertaken the obligation to process and produce 2,500 pages of records by entering into a contract with plaintiff, and that plaintiff had paid the contract price ($548.00) in full to defendant.  *See* **Exhibit 13**.  In plaintiff's administrative appeal, plaintiff established that the Settlement Agreement (upon which defendant's Denial Letter was entirely based) had been waived, supplanted, extinguished and replaced by defendant's **subsequent** agreement to search for and produce records in exchange for payment.  *See* **Exhibit 13**.

29.     On December 22, 2016, the U.S. Department of Justice Office of Information Policy (Sean R. O'Neill-Chief, Administrative Appeals Staff) granted plaintiff's appeal, and stated:

7

"After carefully considering your appeal, and as a result of **discussion between EOUSA personnel and this Office**, I am remanding your client's request to EOUSA for a search for responsive records.  If EOUSA locates releasable records, *it will send* them to you directly, subject to any applicable fees." [*See* __Exhibit 14__ (emphasis added).]

30.    By letter dated January 23, 2017, plaintiff's counsel acknowledged receipt of the administrative appeals decision and remand, and confirmed plaintiff's understanding that EOUSA was then in the process of locating releasable records, which it would provide.  *See* __Exhibit 15__.  In that January 23, 2017 letter, plaintiff's counsel also asked for an estimated date upon which the records would be received, and reminded defendant (and OIP) that plaintiff's records request had been made in 2012, and that plaintiff had paid the $548.00 fee in advance for production of the promised 2,500 pages which defendant had located long ago.  *See* __Exhibit 15__.

31.    By letter to defendant EOUSA (and OIP) dated March 7, 2017, plaintiff's counsel confirmed his understanding that, "EOUSA is now in the process of locating releasable records, which it will send…, as set forth in the remand letter."  In that letter, plaintiff's counsel asked for an estimated date upon which the records would be received.  *See* __Exhibit 16__.  Defendant never responded to that letter.

32.    On April 6, 2017, defendant faxed a letter dated April 5, 2017 to plaintiff's counsel.  *See* __Exhibit 17__.  In that April 5 letter, defendant acknowledged the OIP's decision to remand the appeal of Request No. 2012-4837, and advised plaintiff that plaintiff's FOIA Request has been reopened and assigned Tracking Number: EOUSA-2017-000782.

8

33.    On May 4, 2017, plaintiff's counsel sent a further reminder letter to defendant and OIP with respect to defendant's obligation to produce documents.    *See* **Exhibit 18**. Defendant never responded to that letter.

34.    On June 14, 2017, the OIP sent plaintiff's counsel a letter, advising that "no adverse determination has yet been by EOUSA on your client's remanded request" and that "However, I can assure you that this Office has contacted EOUSA and has been advised that your client's remanded request is currently being processed." *See* **Exhibit 19**.  The OIP forwarded a copy of that June 14, 2017 letter to the EOUSA.

35.    As of the date of this Complaint, defendant has failed to produce a single record that is responsive to plaintiff's records request, and defendant has failed to assert that any responsive record is exempt from production or disclosure.

36.    Defendant has possession and control of records responsive to plaintiff's records request, which are not exempt from disclosure under either FOIA or the Privacy Act, yet defendant has failed and refused to produce them.

37.    Plaintiff has exhausted all administrative remedies with respect to his records request.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

38.    Plaintiff incorporates herein and realleges the allegations contained in all paragraphs of the Complaint above, as if fully stated herein.

39.    Defendant possesses non-exempt records that are responsive to plaintiff's FOIA records request.

40.     Pursuant to 5 U.S.C. § 552, plaintiff is entitled to the records requested, and defendant has no valid legal basis for its refusal to respond to plaintiff's request and provide such records to plaintiff.

41.     Defendant has wrongfully withheld the requested records from plaintiff.

### COUNT 2
**(Violation of Privacy Act, 5 U.S.C. § 552a)**

42.     Plaintiff incorporates herein and realleges the allegations contained in all paragraphs of the Complaint above, as if fully stated herein.

43.     Defendant possesses non-exempt records that are responsive to plaintiff's Privacy Act records request.

44.     Pursuant to 5 U.S.C. § 552a(d)(1), plaintiff is entitled to the records requested, and defendant has no valid legal basis for its refusal to respond and provide such records to plaintiff.

45.     Defendant has wrongfully withheld the requested records from plaintiff.

### COUNT 3
**(Breach of Contract)**

46.     Plaintiff incorporates herein and realleges the allegations contained in all paragraphs of the Complaint above, as if fully stated herein.

47.     On at least three separate occasions, defendant has promised to process plaintiff's records request, and to provide him with responsive, non-exempt documents.

48.     Pursuant to Defendant's April 29, 2013 request, plaintiff has paid consideration to defendant in the amount of $548, in order to cover the cost of searching and producing responsive records.

49.     Defendant's numerous and repeated written promises to process and produce documents, coupled with plaintiff's payment of the requested consideration to defendant for that purpose, constitute a valid and enforceable contract between plaintiff and defendant.

50.     Subsequent to entering that contract, the OIG and EOUSA have sent at least two letters reaffirming defendant's contractual obligations to plaintiff, and expressing defendant's intent to comply with its obligations.  Yet defendant has not done so.

51.     Plaintiff's rights under his contract with defendant are in addition to any statutory rights arising under the FOIA or the Privacy Act.

52.     As of the date of this Complaint, defendant has not informed plaintiff as to the status of its processing of his records request, nor has defendant produced any responsive documents to plaintiff.

53.     Plaintiff's records request is now more than five years old.  Plaintiff's payment of consideration to defendant was made more than four years ago.  Defendant's grant of plaintiff's appeal is now more than a year old and, while defendant has promised at least three times to process plaintiff's records request and abide by the terms of its contract with plaintiff, it has not done so.

54.     Defendant's failure to abide by the terms of its agreement with plaintiff constitutes a material breach of its contractual obligations to plaintiff, and plaintiff's only satisfactory remedy is for specific performance of defendant's contractual obligations.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

11

(1)     order defendant to complete its search for all records responsive to plaintiff's

FOIA request and plaintiff's Privacy Act request;

(2)     order defendant to produce all non-exempt records responsive to plaintiff's

FOIA and Privacy Act requests, and to produce a *Vaughn* index of any

responsive records withheld under a claim of exemption;

(3)     enjoin defendant from continuing to withhold non-exempt records responsive to

plaintiff's FOIA request and plaintiff's Privacy Act request;

(4)     award plaintiff reasonable attorney's fees and other litigation costs reasonably

incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C.§

552a(g)(3)(B); and

(5)     grant plaintiff such other and further relief as the Court deems just and proper.

Dated: February 26, 2018

       /s/ William J. Olson
WILLIAM J. OLSON
(D.C. Bar No. 233833)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
WILLIAM J. OLSON, P.C.
370 Maple Avenue, West, Suite 4
Vienna, VA 22185-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com

*Counsel for Plaintiff*